IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JASON SHTUNDEL,
individually and on behalf of a class,

    Plaintiff,

v.

BUDZIK & DYNIA, LLC, and
JEFFERSON CAPITAL SYSTEMS, LLC,

    Defendants.

---

COMPLAINT – CLASS ACTION

SUMMONS ISSUED

CV 12 2101

KUNTZ, J.

J. ORENSTEIN, M.

## INTRODUCTION

1. Plaintiff Jason Shtundel brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Budzik & Dynia, LLC on behalf of defendant Jefferson Capital Systems, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because defendants' collection communications were received by plaintiff within this District.

1

## **PARTIES**

5. Plaintiff Jason Shtundel is an individual who resides in Far Rockaway, New York.

6. Defendant Budzik & Dynia, LLC is a law firm organized as a limited liability company under Illinois law with principal offices at 4849 N. Milwaukee, Suite 801, Chicago, Illinois, 60630.

7. Defendant Budzik & Dynia, LLC has two members and an associate. None of these attorneys is licensed in New York or regularly practices there.

8. Defendant Budzik & Dynia, LLC regularly uses the mails and telephone system to collect defaulted consumer debts originally owed to others.

9. Defendant Budzik & Dynia, LLC is a debt collector as defined in the FDCPA.

10. Defendant Jefferson Capital Systems, LLC is a limited liability company organized under Georgia law with its principal place of business located at 16 McLeland Drive, St. Cloud, Minnesota, 56303. It does business in New York.

11. Defendant Jefferson Capital Systems, LLC is engaged in the business of acquiring alleged defaulted consumer debts owed to others prior to default and attempting to collect them.

12. Defendant Jefferson Capital Systems, LLC pays a few cents on the dollar (less than 10) for debts.

13. Defendant Jefferson Capital Systems, LLC uses the mails and telephone system in conducting its business.

2

14. Defendant Jefferson Capital Systems, LLC is a debt collector as defined in the FDCPA.

15. At all times relevant Defendant Budzik & Dynia, LLC acted as the agent of Jefferson Capital Systems, LLC.

## FACTS

16. On or about Feb. 17, 2012, defendant Budzik & Dynia, LLC sent plaintiff the collection letter attached as Exhibit A.

17. Exhibit A was sent on behalf of defendant Jefferson Capital Systems, LLC.

18. Exhibit A seeks to collect an alleged consumer-purpose debt originally owed to another and allegedly now owned by Jefferson Capital Systems, LLC.

19. Exhibit A is the first letter plaintiff received from defendant Budzik & Dynia, LLC concerning the alleged debt described therein.

20. On information and belief, Exhibit A is the first letter sent to plaintiff by defendant Budzik & Dynia, LLC concerning the alleged debt described therein.

21. On information and belief, Exhibit A is a form letter used by defendant Budzik & Dynia, LLC as the initial letter it sends to a consumer concerning an alleged debt.

22. At the top of Exhibit A, defendant Budzik & Dynia, LLC represents that it has "licensed attorneys in" a number of states, including New York.

23. This statement is false because defendant Budzik & Dynia, LLC has two members and an associate. None of these attorneys is licensed in New York or regularly practices there.

24. The body of Exhibit A states that "our client has given us complete discretion in determining whether to pursue this account through legal remedies in the event a voluntary resolution is not reached," and that "if a resolution is not reached in a timely manner, our senior litigation counsel will review your file and determine whether or not to escalate the account and commence litigation on behalf of our client in the proper venue."

25. Under the FDCPA, the only proper venue for an action to collect an alleged credit card debt against a New York resident is New York.

26. These statements represent that defendant Budzik & Dynia, LLC can and likely will file suit against plaintiff, a New York resident, in New York.

27. This representation is false because Budzik & Dynia, LLC is not authorized to practice law in New York.

28. The consumer debt that was the subject of Exhibit A was originally payable to a creditor located in Delaware.

29. Under New York law, the debt is governed by the three-year Delaware statute of limitations, Del. Code Ann. tit. 10, § 8106. *Portfolio Recovery Associates, LLC v. King*, 14 N.Y.3d 410; 927 N.E.2d 1059; 901 N.Y.S.2d 575 (2010).

30. Exhibit A was sent more than three years after the last payment on the debt described therein.

31. On information and belief, the last payment on plaintiff's debt was no later than September 2008.

32. It is both unfair and deceptive to attempt to collect a time-barred debt by

4

means of a letter such as Exhibit A without disclosure of the fact. *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (M.D. Ala. 1987).

33.     On information and belief, it is the policy and practice of defendants to collect debts barred by the three-year Delaware statute of limitations by means of letters such as Exhibit A.

34.     The Federal Trade Commission has determined (http://www.ftc.gov/opa/2012/01/asset.shtm) that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

35.     The New York City Administrative Code also requires disclosure of the fact that a debt is time-barred.    Section 20-493.2, "Prohibited collection practices," provides that "a debt collection agency shall not: . . .  b. Contact a consumer about or seek to collect a debt on which the statute of limitations for initiating legal action has expired unless such agency first provides the consumer such information about the consumer's legal rights as the commissioner prescribes by rule."

36.     6 RCNY 2-191 provides:

5

2-191 Disclosure of Consumer's Legal Rights Regarding Effect of Statute of Limitations on Debt Payment.

(a) The information about the consumer's legal rights, which a debt collection agency is required to provide the consumer pursuant to §20-493.2 (b) of the Administrative Code, shall be included in every permitted communication for each debt that the debt collection agency is seeking to collect that is beyond the applicable statute of limitations, and shall be: "WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN."

(b) When delivered in writing, the required statement provided in subdivision a of this section shall be included, for each debt that is beyond the applicable statute of limitations, in at least 12 point type that is set off in a sharply contrasting color from all other type on the permitted communication, and shall be placed adjacent to the identifying information about the amount claimed to be due or owed on such debt.

### COUNT I – FDCPA

37. Plaintiff incorporates paragraphs 1-36.

38. Defendants violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) by representing that defendant Budzik & Dynia, LLC can and likely will file suit against plaintiff, a New York resident, in New York.

39. Section 1692e provides:

> § 1692e.   False or misleading representations [Section 807 of P.L.]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

6

> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt; . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

## CLASS ALLEGATIONS

40. Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

41. The class consists of (a) all individuals with addresses in the state of New York (b) to whom defendant Budzik & Dynia, LLC sent a letter in the form represented by Exhibit A (c) on behalf of Jefferson Capital Systems, LLC, (d) which letter was sent on or after a date one year prior to the filing of this action, and (e) less than 20 days after the filing of this action.

42. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

43. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

44. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

46. A class action is superior for the fair and efficient adjudication of this

matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights; and

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

47. Plaintiff incorporates paragraphs 1-36.

48. Defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692f by attempting to collect time-barred debts by means of letters such as <u>Exhibit A</u> without disclosure of the fact.

49. Section 1692e provides:

> **§ 1692e.  False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
>     **(2)  The false representation of--**
>
>         **(A)  the character, amount, or legal status of any debt; . . .**

> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

50.   Section 1692f provides:

> § 1692f.   Unfair practices [Section 808 of P.L.]
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

## CLASS ALLEGATIONS

51.   Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

52.   The class consists of (a) all individuals with addresses in the state of New York (b) to whom defendant Budzik & Dynia, LLC sent a letter in the form represented by Exhibit A (c) on behalf of Jefferson Capital Systems, LLC, (d) with respect to a debt originally payable to a credit card issuer located in Delaware, (e) on which the last payment was made more than three years prior to the sending of the letter, (f) which letter was sent on or after a date one year prior to the filing of this action, and (g) less than 20 days after the filing of this action. The subclass consists of class members with addresses within the five boroughs of New York City.

53.   The class and subclass are each so numerous that joinder of all members is not practicable.   On information and belief, there are at least 40 members of the class.

54.   There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a pattern and practice of

9

attempting to collect time-barred debts without disclosure of the fact and whether such conduct violates the FDCPA.

55. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

56. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

57. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights; and

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    (1) Statutory damages;

    (2) Actual damages in favor of all persons that paid time-barred debts;

    (3) Attorney's fees, litigation expenses and costs of suit;

    (4) Such other and further relief as the Court deems proper.

Plaintiff requests trial by jury on all issues so triable.

_____
Lawrence Katz

Lawrence Katz
LAW OFFICES OF LAWRENCE KATZ
445 Central Avenue, Suite 201
Cedarhurst, New York 11516
(516) 374-2118
(516) 706-2404 (FAX)


Tiffany N. Hardy (EDNY Bar ID #TH0933)
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
Lawrence Katz

# EXHIBIT A



**BUDZIK & DYNIA, LLC**
Attorneys at Law
4849 N. Milwaukee Avenue
Suite 801
Chicago, IL 60630

*Licensed Attorneys in:
| Arizona | Illinois | New Jersey |
| Arkansas | Maine | New York |
| California | Massachusetts | Pennsylvania |
| Connecticut | Michigan | Tennessee |
| Florida | Minnesota | Utah |
| Idaho | Mississippi | Wisconsin |
| Iowa | Nevada | Wyoming |

| BDL # | Current Creditor | Original Account # | Current Balance | Settlement Offer |
|---|---|---|---|---|
|  | Jefferson Capital Systems, LLC |  | $17,488.97 | $10493.38 |

Phone: 773-902-1130 • Toll Free: 888-322-1296
Fax: 773-482-6200 • Web: www.budzikdynia.com

Jason Shtundel

3352

Redacted

February 17, 2012

Dear Jason Shtundel:

Your Account has been placed with our office to seek a voluntary resolution with you for the Total Amount Due on your account. Accordingly, if you want to resolve this matter, we are offering a limited time opportunity for you to resolve your Current Balance of $17,488.97 for only $10493.38!!! (unless it has already been paid). If you cannot pay the amount due today, please call us at 1-888-322-1296 to discuss further arrangements.

Please note that no attorney with this firm has personally reviewed the particular circumstances of your account at this time. However, our client has given us complete discretion in determining whether to pursue this account through legal remedies in the event a voluntary resolution is not reached. Therefore, if a resolution is not reached in a timely manner, our senior litigation counsel will review your file and determine whether or not to escalate the account and commence litigation on behalf of our client in the proper venue.

Federal law provides that if you do not provide us with a statement that you dispute the validity of this debt, or any portion thereof, within thirty days of the receipt of this letter, we may assume that such debt is valid. If you do dispute it by notifying us in writing to that effect, we will, as required by law, obtain verification of the debt or any related judgment against you, and mail such documentation to you. And, if within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

The law does not require our client to wait until the end of the thirty day period before pursuing their contractual rights against you to collect this debt. If, however, you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

Our client may provide information to credit bureaus about an insolvency, delinquency, late payment, or default in your account to include in your credit report as allowed by law.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

***detach below and return in the enclosed envelope with your payment***

4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

| We accept the following Or call to make a payment 888-322-1296 | | |
|---|---|---|
| Card Number | | Expiration Date |
| Cardholder Zip Code | Last 3 Digits on the BACK of Card → | Verification Code |
| Cardholder's Signature | | |
| Contact Number | | Payment Amount $ |

*Please note that a 3% credit card processing fee will be applied to your payment amount.
**We do not accept credit cards in the states of CT, CO, ID, MA, MN, WA, and WI.**

| BDL# | Current Balance | Settlement Offer |
|---|---|---|
| 694284 | $17,488.97 | $10493.38 |

Jason Shtundel

Make your check or money order payable to:
Budzik & Dynia, LLC
4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

20

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of Jefferson Capital Systems, LLC. It describes the general policy of Jefferson Capital Systems, LLC regarding the personal information of customers and former customers.

**Information We May Collect.** Jefferson Capital Systems, LLC may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** Jefferson Capital Systems, LLC restricts access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates and Third Parties**

**Sharing with Affiliates.** From time to time, Jefferson Capital Systems, LLC may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

**Sharing with Third Parties.** Jefferson Capital Systems, LLC does not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

**Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.**

This Privacy Notice is being sent to you by Jefferson Capital Systems, LLC in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

092309